**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ARTIS SANGRIA MCGRAW,
        *Defendant-Appellant.*

No. 02-4813

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-02-239)

Submitted: August 28, 2003

Decided: September 4, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jerry M. Screen, Columbia, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Artis S. McGraw appeals his conviction and sentence after a jury convicted him of possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (2000), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2000), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000), and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (2000). McGraw's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising denial of the defendant's motion for judgment of acquittal as an issue for the court's consideration but stating that, in his view, there are no meritorious grounds for appeal. McGraw filed a pro se brief raising the denial of the motion for judgment of acquittal. This Court authorized McGraw to file a supplemental brief in which he raised ineffective assistance of trial counsel as an issue for the court's consideration.

This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion is based on sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir.) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1049 (2001), and *cert. denied*, 535 U.S. 977 (2002). If substantial evidence exists to support a verdict, the verdict must be sustained. *Glasser*, 315 U.S. at 80. We find sufficient evidence in the record to support the jury's verdict and therefore find no reversible error in the court's denial of McGraw's motion for judgment of acquittal.

A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (2000) in the district court and not on direct appeal, unless it "conclusively appears" from the record that

defense counsel did not provide effective representation. *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1995). In the present case, the record on appeal does not conclusively demonstrate ineffective assistance of counsel. Therefore, we decline to address this issue. McGraw may assert the claim in a § 2255 habeas motion, if he so chooses.

We have reviewed the record in accordance with *Anders* and find no meritorious issues. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny McGraw's motion for substitute counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*